FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 20  A 11: 48

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLUMBUS CHRIS WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 04-1170 |
| STATE OF LOUISIANA, ET AL. | SECTION: "C"(3) |

### REPORT AND RECOMMENDATION

Plaintiff, Columbus Chris Williams, a pretrial detainee at the Terrebonne Parish Criminal Justice Complex,[1] filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the State of Louisiana, the Terrebonne Parish Consolidated Government, the Terrebonne Parish Sheriff's Office, the Terrebonne Parish District Attorney's Office, "Coke Cola of Atlanta, Ga.," and "Coke Cola of Thibodaux." Because of plaintiff's long history of frivolous litigation in this Court, he was denied permission to proceed as a pauper in this action.[2] However, he subsequently paid the filing fee in this and nine other lawsuits.

In the instant lawsuit, plaintiff indicates that he is asserting claims for "wrongful

---

[1] Although plaintiff has previously been convicted on various criminal charges, he alleges that he is currently incarcerated only as a pretrial detainee. For the purposes of this Report and Recommendation, the Court will assume that allegation to be true.

[2] Rec. Doc. 1.

imprisonment," "unconstitutional arrest," perjury, and conspiracy in relation to two criminal cases, i.e. case numbers 378,096 and 376,584 on the docket of the Louisiana Thirty-Second Judicial District Court.[3]

In case number 378,096, plaintiff was charged with one count of criminal damage to a coin-operated device in violation of La.Rev.Stat.Ann. § 14:56.1. A jury found plaintiff guilty of criminal damage to a coin-operated device where the damage amounted to $100.00 or more, and he was sentenced to a term of one year imprisonment. On appeal, the Louisiana First Circuit Court of Appeal found that there was insufficient evidence to support that conviction. As a result, the conviction was reversed and the sentence vacated. State v. Williams, 868 So.2d 48 (La. App. 1st Cir. 2003).

In the complaint, plaintiff gives no information regarding case number 376,584. However, at a Spears hearing[4] held on March 17, 2005, plaintiff testified that case number 376,584 related to a conviction for obscenity within a penal institution.[5]

At the Spears hearing, plaintiff also testified that he had received pardons from the Governor

---

[3] Rec. Doc. 2, p. 3, § IV.

[4] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

[5] Rec. Doc. 80, p. 4.

in both of those criminal cases.[6]

Since filing this lawsuit, plaintiff has submitted motions to amend and clarify his complaint, as well as various motions to dismiss, add, and/or substitute defendants. Two of those motions remain pending. With respect to those motions, the Court makes the following recommendations.

### (1) "Motion and Order to Dismiss Certain Defendants to Save the Court(s) Time,"
### Rec. Doc. 50

In this motion, plaintiff listed various changes he wanted made in *all ten* of his pending lawsuits. The Court need address only the one proposed change relevant to this lawsuit, i.e. plaintiff's request to dismiss the Terrebonne Parish Consolidated Government as a defendant in all of his pending cases except in Civil Action No. 04-1172 "N"(2). Subject to exceptions not applicable in this case, the Federal Rules of Civil Procedure provide that "an action may be dismissed by the plaintiff without order of court ... by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs ...." Fed.R.Civ.P. 41(a)(1)(i). When a *pro se* plaintiff seeks dismissal in a situation in which Rule 41(a)(1)(i) would be applicable, the fact that he fails to cite that rule or correctly style the notice of dismissal is of no significance. Carter v. United States, 547 F.2d 258, 259 n. 2 (5th Cir. 1977).

The United States Fifth Circuit Court of Appeals has noted that Rule 41(a)(1)(i) "means what

---

[6] A member of the undersigned's staff telephoned the Louisiana Board of Pardons to verify the truthfulness of that seemingly unlikely allegation. According to the Board of Pardons, plaintiff has never even applied for, much less been granted, a pardon with respect to any of his many criminal convictions. Nevertheless, that fact need not be taken into account, because, regardless of whether or not plaintiff has received a pardon, the claims in the instant lawsuit should be dismissed for the reasons set forth in this opinion.

it says." Id. at 259. "As the plain terms of Rule 41(a)(1)(i) establish, a plaintiff has an *absolute right* to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion." Id. (emphasis added). When a plaintiff has filed a proper notice of dismissal, a court has "no power or discretion to deny [plaintiff's] right to dismiss or to attach any condition or burden on that right." Williams v. Ezell, 531 F.2d 1261, 1264 (5th Cir. 1976).

In this lawsuit, the defendants have filed no answers or motions for summary judgment. Therefore, pursuant to Rule 41(a)(1)(i), plaintiff is entitled to voluntarily dismiss his claims against the Terrebonne Parish Consolidated Government. Accordingly, it is recommended that plaintiff's motion to dismiss that defendant from this lawsuit be granted.

(2) "Motion to Clear Just Who or Which Defendants Has Been Cancel and Dismissed,"

Rec. Doc. 65

In this motion, plaintiff again listed various changes he wanted made in *all ten* of his pending lawsuits. Again, the Court need address only the changes relevant to the defendants in this lawsuit.

Plaintiff requests that he be allowed to dismiss the Terrebonne Parish Sheriff's Office as a defendant, and he requests that he be allowed to amend his complaint to substitute "Sheriff Jerry Larpenter, Individually, Personally, & Sep[a]rately."[7]

Regarding plaintiff's request that he be allowed to dismiss the Terrebonne Parish Sheriff's Office as a defendant, that request should be granted. For the reasons previously set forth, plaintiff is entitled to dismiss any defendant of his choosing at this stage of the proceeding pursuant to Rule

---

[7] Plaintiff also again noted that he wished to dismiss his claims against "T.P. Consolidated Government." However, in connection with Rec. Doc. 50, this Court has already recommended that he be allowed to dismiss his claims against that defendant.

41(a)(1)(i).[8]

However, it is recommended that plaintiff's request that he be allowed to amend his complaint to add individual-capacity claims against Sheriff Larpenter be denied. The Federal Rules of Civil Procedure provide:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a). Because plaintiff has already been permitted to amend his complaint[9] and there is no consent in writing to the proposed amendments, plaintiff may amend his complaint only by leave of this Court. In ruling on a motion to amend, the Court may consider, *inter alia*, the futility of the proposed amendments. Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981). For the following reasons, it would be futile to allow plaintiff to amend his complaint to add individual-capacity claims against Larpenter.

Plaintiff has made no factual allegations against Larpenter. Moreover, at the Spears hearing, plaintiff testified that Larpenter had no personal connection to the case.[10] Without personal involvement, any individual-capacity claim against Larpenter would necessarily fail. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil

---

[8] Moreover, the Court notes that, in any event, the Terrebonne Parish Sheriff's Office is an improper defendant. In Louisiana, "a sheriff's office is not a legal entity capable of being sued ...." Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).

[9] Rec. Doc. 7 and 53 (granting in part amendments requested in Rec. Doc. 17).

[10] Rec. Doc. 80, pp. 6-7.

rights cause of action."). Moreover, the fact that Larpenter is the head of the Sheriff's Office is of no moment. Under 42 U.S.C. § 1983, a supervisory official is not liable for the actions of his subordinates under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."). Therefore, it would be futile to allow plaintiff to amend his complaint to add individual-capacity claims against Larpenter. Accordingly, it is recommended that his request to do so be denied on that basis.

In his motion, plaintiff also states: "State of La. to be replace [sic] by Governor Kathleen B. Blanco, Individually, Personally and Sep[a]rately." To the extent that plaintiff is seeking to dismiss the State of Louisiana as a defendant, that request should be granted. As previously noted, he is entitled to dismiss any defendant of his choosing at this stage of the proceeding pursuant to Rule 41(a)(1)(i).[11] However, to the extent that he seeks to amend his complaint to add an individual-capacity claim against Governor Blanco, the request should be denied. Plaintiff has made no allegations that the Governor has taken any actions whatsoever that caused him harm. Moreover, plaintiff conceded at the Spears hearing that Governor Blanco has no personal connection to his case.[12] As noted previously, without personal involvement, any individual-capacity claim against Governor Blanco would necessarily fail. Therefore, it would be futile to allow plaintiff to amend his complaint to add individual-capacity claims against her. Accordingly, it is recommended that

---

[11] Moreover, in any event, the Eleventh Amendment would protect the State of Louisiana from any claim asserted by plaintiff in this lawsuit. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002).

[12] Rec. Doc. 80, pp. 5-6.

his request to do so be denied on that basis.

Lastly, plaintiff states in his motion that he wishes to dismiss the Terrebonne Parish District Attorney's Office. As previously noted, he is entitled to dismiss any defendant of his choosing at this stage of the proceeding pursuant to Rule 41(a)(1)(i).[13] Accordingly, that request should be granted.

28 U.S.C. § 1915A

This Court also has the obligation to screen plaintiff's complaint pursuant to 28 U.S.C. §

---

[13] Moreover, in any event, the Court notes that the Terrebonne Parish District Attorney's Office is not a legal entity capable of being sued. See Hudson v. City of New Orleans, 174 F.3d 677, 680 (5th Cir. 1999) ("Louisiana law does not permit a district attorney's office to be sued in its own name."). Further, to the extent that plaintiff perhaps intended to name as a defendant District Attorney Joseph Waitz in his official capacity, he has failed to state an official capacity claim. The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999). The Fifth Circuit has further held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). In the instant case, plaintiff does not allege that his purported injury was in any way related to an official policy or custom of the district attorney.

1915A, which provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.
>
> (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

The United States Fifth Circuit Court of Appeals has held that the screening provisions of § 1915A apply even when, as in the instant case, a prisoner has paid the required filing fee. Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998).

The Court finds that plaintiff's remaining claims should be dismissed pursuant to 28 U.S.C. § 1915A(b). In that plaintiff has requested that his claims against the Terrebonne Parish Consolidated Government, the Terrebonne Parish Sheriff's Office, the State of Louisiana, and the Terrebonne Parish District Attorney's Office be dismissed, the only remaining defendants are "Coke Cola of Atlanta, Ga.," and "Coke Cola of Thibodaux." Those entities are not proper defendants.

"Coke Cola of Atlanta, Ga." and "Coke Cola of Thibodaux" are named because of their alleged involvement in plaintiff's state criminal prosecution in case number 378,096. As noted previously, in that case, plaintiff was charged with one count of criminal damage to a coin-operated

device in violation of La.Rev.Stat.Ann. § 14:56.1. The "coin-operated device" in question was a Coca-Cola vending machine.[14]

Plaintiff brought this lawsuit pursuant 42 U.S.C. § 1983. The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) *that the deprivation was caused by a person or persons acting under color of state law.*

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted) (emphasis added); see also Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989). However, "Coke Cola of Atlanta, Ga." and "Coke Cola of Thibodaux" are not state actors. Rather, they are private companies.

---

[14] The underlying facts of the case were set forth in the Louisiana First Circuit Court of Appeal's decision reversing the conviction. That court noted:

> On May 3, 2001, the defendant struck a Coca-Cola vending machine three times with a twenty-pound sledgehammer at his bail bonds office on Grand Caillou Road in Houma. The machine was owned by Coca-Cola. Prior to hitting the machine, the defendant threatened "to trash the damn machine and put it at the road."

State v. Williams, 868 So.2d 48, 49 (La. App. 1st Cir. 2003). This Court notes that reversal of petitioner's conviction was not based on a finding that he did not damage the machine; rather, it was based on the fact that the state failed to properly establish that the amount of damage rose to the level required to convict petitioner of a felony. The state intermediate appellate court held:

> Although defendant clearly damaged a coin-operated device, the State failed to present proof of the amount of damage, determined by the actual cost of repairs, as required by LSA-R.S. 14:56.1. Accordingly, we are constrained to reverse defendant's conviction and vacate the sentence imposed.

Id. at 50.

The mere fact that the companies were victimized by plaintiff in violation of state law does not make them state actors, even if they reported the crime in order to initiate state action by the police. The United States Fifth Circuit Court of Appeal has held:

> Police reliance in making an arrest on information given by a private party does not make the private party a state actor. The execution by a private party of a sworn complaint, which forms the basis for an arrest, is, without more, not sufficient to make that party's acts state action.

Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988) (citation, footnote, and quotation marks omitted); see also Sims v. Jefferson Downs Racing Association, 778 F.2d 1068, 1078-79 (5th Cir. 1985).

Moreover, to the extent that plaintiff's claim is based on an allegation that a Coca-Cola company *employee* committed perjury at the criminal trial, his claim is frivolous. Even if one ignores the fact that plaintiff has improperly named as a defendant the company rather than the employee, "[i]t is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law.'" Briscoe v. LaHue, 460 U.S. 325, 329-30 (1983).[15]

The Court recognizes that a private individual can be liable under § 1983 for engaging in a conspiracy with state actors. See Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988); see also Mowbray v. Cameron County, Texas, 274 F.3d 269, 278 (5th Cir. 2001) ("[I]t is

---

[15] The Court further notes that even if a testifying private citizen could be considered a state actor on the basis that he engaged in a conspiracy with a state actor, that would not aid plaintiff. "[W]itnesses are entitled to absolute immunity against § 1983 suits based on their testimony in a criminal trial ...." Mowbray v. Cameron County, Texas, 274 F.3d 269, 277 (5th Cir. 2001). Similarly, "absolute witness immunity bars § 1983 suits for conspiracy to commit perjury." Id. at 277-78.

possible, in limited circumstances, to allege a § 1983 conspiracy claim against a private actor ...."). However, to the extent that plaintiff alleges that "Coke Cola of Atlanta, Ga." and "Coke Cola of Thibodaux" illegally conspired with state actors to somehow violate plaintiff's rights, the allegations are conclusory at best. Conclusory allegations of conspiracy fail to state a § 1983 cause of action. Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).

## Motion for Partial Summary Judgment

The Court notes that plaintiff has filed a motion for partial summary judgment with respect to his claims relating to his overturned state court conviction in case number 378,096. Rec. Doc. 67. However, in that all of petitioner's claims are subject to dismissal for the reasons previously set forth in this opinion, he clearly is not entitled to summary judgment on those claims. Accordingly, it is recommended that plaintiff's motion for partial summary judgment be denied.

## Motions for Default

The Court notes that plaintiff has also filed several motions for the entry of a default and default judgment. Rec. Docs. 75, 82, 83, and 84. Those motions should be denied.

The entry of a default judgment is matter of discretion and "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. In fact, default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). Additionally, the Court notes that this civil action is subject to the Prison Litigation Reform Act of 1995, which provides that no relief shall be granted to a prisoner until the

defendant has filed a reply. 42 U.S.C. § 1997e(g)(1).

## RECOMMENDATION

**IT IS RECOMMENDED** that plaintiff's motion to dismiss his claims against the Terrebonne Parish Consolidated Government, Rec. Doc. 50, be **GRANTED** and that the claims against that defendant be **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that plaintiff's motion to voluntarily dismiss his claims against the Terrebonne Parish Sheriff's Office, the State of Louisiana, and the Terrebonne Parish District Attorney's Office, Rec. Doc. 65, be **GRANTED** and that the claims against those defendants be **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that plaintiff's motion to amend his complaint to add Sheriff Jerry Larpenter and Governor Kathleen Blanco as defendants, Rec. Doc. 65, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims against "Coke Cola of Atlanta, Ga.," and "Coke Cola of Thibodaux" be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for partial summary judgment, Rec. Doc. 67, be **DENIED.**

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for the entry of a default and default judgment, Rec. Docs. 75, 82, 83, and 84, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __20__ day of June, 2005.

_____
DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE